———————o———————

## No. 5876.

### GEORGE A. HERO, vs. E. E. FREDERICHS, ET AL.

### On Motion to Dismiss.

### Syllabus.

1. An appellant who perceives that his appeal when lodged is liable to be dismissed for informality need not wait to have such action taken, but may apply at once for a new appeal, provided he does so before the return day; and it is sufficient to maintain said appeal that bond be furnished and the transcript filed in accordance with the terms of the new order.

2. As long as the appeal bond is for an amount not less than that fixed by the Court, it is immaterial whether it be furnished before or after the order of appeal be signed.

Appeal from the 29th Judicial District Court, No. 964, Hon. R. E. Hingle, Judge.

Woodville & Woodville, for appellants.

James Wilkinson, for intervenor, appellee.

His Honor, JOHN ST. PAUL, rendered the opinion and decree of the Court as follows:

On April 1st, 1913, defendants applied for a suspensive appeal from a judgment rendered against them on March 22nd, 1913; but the trial Judge fixed no return day, with the result that the appeal was returnable to this Court on the first return day after the order, to-wit, on April 14th, 1913.

An appeal bond was duly furnished, but as the surety on said bond did not reside within the jurisdiction of the Court said appeal was liable to be dismissed.

Whereupon, **before the return day,** to-wit, on April 8th, 1913, defendants applied for a devolutive appeal, as they had a right to do.

For it is well settled that the dismissal of an appeal for informality, does not preclude the taking of a second appeal, and since the law requires no man to do a vain or useless thing, the appellant who perceives that his appeal when lodged is liable to be dismissed for informality, need not wait to have such action taken, but may apply at once for a new appeal provided he do so before the return day; that is to say before the time when his failure to file the transcript might be taken as an abandonment of his appeal. And it is sufficient to maintain said appeal that the bond be furnished, and the transcript filed, in accordance with the terms of the new order. **Salkind**

v. Congregation Heth Israel, 7 Court of Appeal, 402; and authorities there cited.

Appellants have furnished a new bond for the amount fixed in the new order of appeal, and objection is made to said bond as having been furnished before the order of appeal was signed.

There is no merit in the objection.

As long as the bond is for an amount not less than that fixed by the Court, it is immaterial whether it be furnished before or after the signing of the order of appeal.

**LeBlanc v. Rougeaun, 39 An., 230.**

The appeal herein taken is clearly not suspensive. The trial Judge ruled that it was not, and appellants have acquiesced in his ruling, so that appellees can execute the judgment whenever they please.

But the appeal is perfectly good, and must stand, as a devolutive appeal.

It is therefore ordered that the motion to dismiss this appeal be denied, and that said appeal be maintained as devolutive, but not suspensive.

Motion denied.

Opinion and decree, June 2nd, 1913.